**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:02-cr-082 |
| Robert F. Lippman, | ) | |
| | ) | |
| Defendant. | ) | |

On September 4, 2008, the defendant, Robert F. Lippman, filed a letter in which he moved

to overturn his conviction and requested the appointment of counsel.  See Docket No. 69.  The Court

will treat Lippman's letter as a motion to vacate.  The Government has not filed a brief in response.

On September 13, 2002, Lippman was charged in a one-count indictment for possession of

a firearm by a person subject to a court order in violation of 18 U.S.C. §§ 922(g)(8)[1] and 924(a)(2).

See Docket No. 1.  The court order was a domestic violence restraining order which provided that

---

[1] Section 922(g)(8) provides that it is unlawful for any person who is subject to a court order that:

(A)      was issued after a hearing of which such person received actual notice, and at which such
          person had an opportunity to participate;

(B)      restrains such person from harassing, stalking, or threatening an intimate partner of such
          person or child of such intimate partner or person, or engaging in other conduct that
          would place an intimate partner in reasonable fear of bodily injury to the partner or child;
          and

(C)(i)   includes a finding that such person represents a credible threat to the physical safety of such
          intimate partner or child; or

(ii)      by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against
          such intimate partner or child that would reasonably be expected to cause bodily injury[,]

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or
ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or
foreign commerce.

Lippman "shall not contact, molest, harass, attack, strike, threaten, sexually assault, batter, telephone, disturb the peace . . . ." of an intimate partner.  See Docket Nos. 1 and 14.

On November 22, 2002, Lippman filed a motion to dismiss the indictment on the grounds that 18 U.S.C. § 922(g)(8) violates the Second Amendment to the Constitution.  See Docket No. 13. Lippman contended that the Second Amendment right to bear arms is a fundamental "individual" right.  Lippman also contended that Section 922(g)(8) violated his Second Amendment right because the state court never made findings as to imminent injury and the restraining order was issued simply because the parties agreed to it.

Finding Lippman's arguments unpersuasive, the Court denied the dismissal motion on January 6, 2003.  See Docket No. 22.  The Court found that the restraining order satisfied 18 U.S.C. § 922(g)(8) because Lippman was notified of a hearing, was present at the hearing, had an opportunity to participate at the hearing, and stipulated to the entry of the restraining order against him.  See Docket No. 22.  Additionally, the Court expressly addressed Lippman's concerns that the Second Amendment right to bear arms is a fundamental individual right.

> Even assuming for the sake of argument that the Eighth Circuit adopted a position similar to the Fifth Circuit and held that the Second Amendment does protect an individual right to bear arms regardless of militia purpose, Lippman would still have to show that the restriction of his right to bear arms was not narrowly tailored or was unreasonable in scope in order to even assert a legitimate claim of any Second Amendment violation.  U.S. v. Emerson, 270 F.3d 203, 261.  It is clear that a person may still be constitutionally prohibited from possessing a firearm under 18 U.S.C. § 922(g)(8).  In fact, other courts that have considered the issue have consistently upheld the constitutionality of Section 922(g)(8).  See United States v. Bayles, 2002 WL 31529012, 310 F.3d 1302 (10th Cir. Nov. 15, 2002); United States v. Hinostroza, 297 F.3d 924, 927 (9th Cir. 2002); United States v. Napier, 233 F.3d 394, 402-404 (6th Cir. 2000); United States v. Henson, 55 F.Supp. 2d 528 (S.D. W. Va. 1999).  Lippman has not cited to any case that has held that 18 U.S.C. § 922(g)(8) is unconstitutional.

> . . .

Moreover, the restraining order itself warns that []any person subject to a restraining order is prohibited from purchasing or attempting to purchase, receiving, or attempting to receive, or otherwise obtaining a firearm. The order further warns that "under federal law, the issuance of a restraining order after hearing will generally prohibit the restrained person from owning, accepting, transporting, or possessing firearms or ammunition. A <u>violation of this prohibition is a separate federal crime</u>." (emphasis added)  There is no question that Lippman was aware of the restraining order which prohibited him from possessing firearms. The Court concludes that such a prohibition is sufficiently tailored to support a compelling government interest. As such, the motion for dismissal of the indictment on the grounds that the statute under which Lippman was charged (18 U.S.C. § 922(g)(8)) violates the Second Amendment is without merit. The Court concludes as a matter of law that 18 U.S.C. § 922(g)(8) is constitutional on its face and as applied to the defendant.

<u>See</u> Docket No. 22.

On April 22, 2003, a jury found Lippman guilty on a one-count indictment of the offense of possession of a firearm by a person subject to a court order. <u>See</u> Docket No. 38. On September 8, 2003, the Court sentenced Lippman to eight (8) months of imprisonment and, upon release, to a term of supervised release for two (2) years. <u>See</u> Docket No. 48. On October 25, 2005, the Court received correspondence from Lippman in which he requested a reduction or modification of the terms of his supervised release due to health concerns. <u>See</u> Docket No. 64. On January 26, 2006, the Court granted Lippman's request and terminated his supervised release. <u>See</u> Docket No. 68.

Lippman now moves the Court to retroactively vacate his conviction based upon the recent United States Supreme Court ruling in <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), and the unconstitutionality of Section 922(g)(8). Lippman contends that the original restraining order which gave rise to his conviction was improperly entered against him because the state court made no findings of fact as to his propensity for violence. Specifically, Lippman states,

Section 922(g)8 prohibits the possession of handguns by a person subject to a qualifying court order. The law is meant to prevent domestic violence. If a court order is a qualifying court order is decided on the language of the restraining order. If the order has the language embedded in the statute it qualifies. This is based on the assumption that no court order would issue, containing the necessary language,

3

> without a finding of fact of violence or the high propensity of violence. This law did
> not take into account the state of flux of the California restraining order process.
>
> Petitioner Lippman's order was based on [a] stipulation in exchange for property and
> there was no finding of fact, no violence and no propensity for violence. This was
> added to by the sentencing judge's statement that Lippman was not a violent person.
>
> Because 922(g)8 can, as applied, include a class of person (sic) outside the needed
> narrowly tailored group, it sweeps with too wide a broom and thus in this case it's
> (sic) application must be overturned.

See Docket No. 69. Further, Lippman cites to Heller in support of his argument that Section

922(g)(8) violates the Second Amendment because the right to bear arms is an inherent individual

right.

In Heller, a special police officer brought an action to enjoin the District of Columbia from

enforcing a gun-control statute on the basis that the statute violated the Second Amendment to the

Constitution. The statute prohibited private citizens from possessing usable firearms in the home.

See Heller, 128 S. Ct. at 2787-88. To determine whether the Second Amendment prohibited such

a broad ban on firearms, the Supreme Court examined the wording of the Second Amendment and

how the Second Amendment was interpreted from immediately after its ratification through the end

of the nineteenth century. The Supreme Court found that the right of self-defense is central to the

Second Amendment. Id. at 2817. However, the Supreme Court noted that Second Amendment

rights are not absolute:

> Although we do not undertake an exhaustive historical analysis today of the full
> scope of the Second Amendment, nothing in our opinion should be taken to cast
> doubt on longstanding prohibitions on the possession of firearms by felons and the
> mentally ill, or laws forbidding the carrying of firearms in sensitive places such as
> schools and government buildings, or laws imposing conditions and qualifications
> on the commercial sale of arms.

Id. at 2816-17 (citations omitted) (emphasis added). Applying this limitation, the Supreme Court

held that the statute was unconstitutional because it prevented persons who were not disqualified

from exercising Second Amendment rights from being able to lawfully possess an operable firearm in the home for self-defense.  See id. at 2821-22.

Applying Heller, this Court finds Lippman's arguments to be without merit.  The Supreme Court in Heller found the District of Columbia statute to be unconstitutional only as to those individuals who were not disqualified from Second Amendment rights.  The Supreme Court clearly stated that its opinion does not overturn the longstanding prohibitions on the possession of firearms by felons and other prohibited persons.  The right to possess firearms is not beyond the reach of all government regulations.  Lippman has not provided any evidence to support a reversal of the Court's previous ruling.  Accordingly, the motion to vacate (Docket No. 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

5